IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | ) | Case No.: 16-10238 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: August 23, 2016 at 4:00 pm EST**
**Hearing Date: August 30, 2016 at 10:30 am EST**

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 1103(a) AND 328(a), FED. R. BANKR. P. 2014(a), AND DEL. BANKR. L.R. 2014-1 AND 2016-1 AUTHORIZING RETENTION OF ALVAREZ & MARSAL VALUATION SERVICES, LLC AS EXPERT CONSULTANT AND NEIL J. BEATON AS EXPERT WITNESS *NUNC PRO TUNC* TO AUGUST 2, 2016

The Official Committee of Unsecured Creditors (the "Committee") of the debtors and

debtors in possession (the "Debtors") in the above-captioned cases (the "Cases") hereby submits

its application (the "Application") for entry of an order pursuant to sections 1103(a) and 328(a)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

---

[1] The Debtors in these Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the retention of Alvarez & Marsal Valuation Services, LLC ("A&M") as expert consultant and Neil J. Beaton as expert witness *nunc pro tunc* to August 2, 2016. In support of the Application, the Committee submits the (a) Declaration of Neil J. Beaton (the "Beaton Declaration"), attached hereto as Exhibit A and incorporated herein by reference, and (b) the Declaration of the Committee Co-Chairs (the "Committee Declaration"), attached hereto as Exhibit B and incorporated herein by reference. In further support of the Application, the Committee respectfully represents:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Bankruptcy Code sections 1103(a) and 328(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rules 2014-1 and 2016-1.

3.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

**A.      The Chapter 11 Cases**

4.      On February 1, 2016 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating

their business and managing their properties and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Cases.

5.      On February 12, 2016, the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) Mike Bindra, (ii) Artists Alliance Australasia Pty. Ltd., (iii) Vistajet US, Inc., (iv) AM Only, LLC, (v) ID&T BVBA, (vi) Epic Tents, LLC, and (vi) Event Flooring Solutions, LLC. The *Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 99] was filed on February 12, 2016.

6.      On April 4, 2016, the Court authorized the Committee to retain Pachulski Stang Ziehl & Jones LLP as its counsel pursuant to the entry of the *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to February 12, 2016* [Dkt. No. 338].  On April 5, 2016 the Court authorized the Committee to retain Conway MacKenzie, Inc. as its financial advisor pursuant to the entry of the *Order Granting Application for Employment of Conway MacKenzie, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to February 12, 2016* [Dkt. No. 355].

**B.      The Debtors' Business**

7.      The Debtors are producers of live events and digital entertainment content focused exclusively on electronic music culture and festivals.  The Debtors commenced material operations in 2012 with the intent of acquiring and operating companies within the electronic dance music ("EDM") industry, specifically those engaged in the promotion and production of live music events, festivals, and digital offerings attractive to EDM fans in the United States and

3

abroad.  Over the next three years, the Debtors acquired a number of EDM brands, such as TomorrowWorld, Beatport, Mysteryland, Sensation, and Electric Zoo, and expanded its operations worldwide.

8.      In addition, the Debtors manage nightclubs that serve as venues for performances by electronic music talent.  The Debtors also offer an online platform for EDM DJs, artists, and fans to purchase, share, and stream music components and to connect with each other.

## RELIEF REQUESTED

9.      By this Application, the Committee requests the entry of an order, pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1, authorizing the Committee to employ and retain A&M to provide expert consulting services and Neil J. Beaton to provide expert witness services to the Committee *nunc pro tunc* to August 2, 2016, in accordance with the terms and conditions set forth in the agreement dated as of August 9, 2016, attached hereto as Exhibit C (the "Agreement for Expert Services").[2]

10.      As set forth in the Agreement for Expert Services, the Committee proposes to retain A&M for the limited purpose of providing expert consulting and testimony regarding the valuation of the Debtors' business in connection with the Plan and Disclosure Statement (as defined below) and the Contingent Valuation Rights (as defined in the Plan) contemplated by the Plan.  For the avoidance of doubt, the scope of the engagement does not include advising the

---

[2]    Any references to or summaries of the Agreement for Expert Services in the Application are qualified by the express terms of the Agreement for Expert Services, which shall govern if there is any conflict between the Agreement for Expert Services and the summaries provided herein. Additionally, any capitalized terms used in the Application and not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement for Expert Services.

Committee with respect to any matters save and except in the limited capacity as expert consultant and witness as described in the Agreement for Expert Services and this Application. For the reasons set forth herein, the Committee submits that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and, therefore, should be granted.

## <u>SERVICES TO BE RENDERED</u>

11.     The parties have entered into the Agreement for Expert Services, which governs the relationship between the Committee and A&M.  The terms and conditions of the Agreement for Expert Services were negotiated at arm's length between the Committee and A&M and reflect the parties' mutual agreement as to the efforts that will be required in this engagement.  Under the Agreement for Expert Services, in consideration for the compensation contemplated thereby, A&M and Mr. Beaton have provided and have agreed to provide the services described herein.

12.     The Committee seeks to retain A&M and Mr. Beaton for the limited purpose of providing the following services (collectively, the "<u>Services</u>"):

    a.      providing expert consulting services regarding the valuation of the Debtors' business in connection with the Plan and Disclosure Statement and the Contingent Value Rights contemplated by the Plan;

    b.      providing expert testimony regarding the valuation of the Debtors' business in connection with the Plan and Disclosure Statement and the Contingent Value Rights contemplated by the Plan;

    c.      assisting with the preparation of affidavits/declarations, depositions and briefing in the Cases, if necessary, concerning the issues set forth above; and

    d.      preparing for and providing both deposition and court testimony in the Cases regarding the issues set forth above.

The Committee's professionals will coordinate with each other to eliminate any unnecessary overlap or duplication of services.

## BASIS FOR RELIEF

13.     On July 26, 2016, the Debtors filed their *Joint Plan of Reorganization of SFX Entertainment, Inc.* et al. *under Chapter 11 of the Bankruptcy Code* [Dkt. No. 847] (as may be amended, the "Plan") and *Disclosure Statement with Respect to the Joint Plan of Reorganization of SFX Entertainment, Inc.* et al. *under Chapter 11 of the Bankruptcy Code* [Dkt. No. 848] (as may be amended, the "Disclosure Statement").

14.     It is necessary and essential that the Committee, as the statutory fiduciary for all unsecured creditors in these Cases, employ an expert consultant and witness to render the foregoing Services. In light of the complexity of the Debtors' business and the terms of the Plan, the Committee requires the services of seasoned and experienced valuation experts who can enable the Committee to adequately assess the Disclosure Statement and the Plan. The Committee believes that A&M and Mr. Beaton are well-qualified to provide the Services in a cost-effective, efficient and timely manner. As described below and more fully in the Beaton Declaration, A&M and Mr. Beaton have extensive experience in the valuation of public and privately-held businesses and Mr. Beaton has particular depth of experience in valuing event and music companies. For example, Mr. Beaton has been engaged in the valuation of Caesars Event Group, AEI Music Network, and the Hard Rock Hotel Las Vegas. Accordingly, A&M and Mr. Beaton are well qualified to perform these services and assist the Committee in these Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

15.     To the best of the Committee's knowledge, as set forth in the Beaton Declaration: (i) A&M and Mr. Beaton are "disinterested persons" within the meaning of section

6

101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and do not hold or represent an interest materially adverse to the Debtors' estates with respect to the matters for which A&M and Mr. Beaton are being retained; (ii) A&M and Mr. Beaton have no connection to the Debtors, their creditors, or other parties in interest in the Cases; and (iii) neither A&M nor Mr. Beaton hold or represent any interest adverse to the Debtors' estates or the Committee in the matters for which they are to be retained.

16.     As set forth in further detail in the Beaton Declaration and subject to ongoing due diligence, A&M does not believe that it has any connections with parties in interest in the Cases that represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the Debtors or the Cases.

17.     As set forth in the Beaton Declaration, to the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise, A&M and Mr. Beaton will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## **PROFESSIONAL COMPENSATION**

18.     A&M intends to seek compensation for services rendered and expenses incurred in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable Orders of the Court.

19.     The Committee proposes to compensate A&M for services rendered at the hourly rates that are in effect from time to time and to reimburse A&M according to A&M's customary reimbursement policies. A&M's current range of standard hourly rates, subject to change from time to time, are $750 to $950 for Managing Directors, $650 to $750 for Senior

DOCS_NY:34030.4

Directors, and \$550 to \$650 for Directors, \$450 to \$550 for Managers, \$350 to \$450 for Senior

Associates, \$250 to \$350 for Associates, and \$150 to \$250 for Analysts and Staff.

20.     As set forth in the Beaton Declaration, Mr. Beaton believes, and the

Committee agrees, that the foregoing compensation arrangements are (a) reasonable, (b) market-

based, and (c) merited by A&M's and Mr. Beaton's extensive knowledge and experience in the

matters for which they are being retained.

21.     As more fully described in the Beaton Declaration, A&M is not a

prepetition creditor of the Debtors.   No promises have been received by A&M as to

compensation or payment in connection with this retention other than in accordance with the

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and

Orders of this Court.  A&M has no agreement with any non-affiliated person or entity to share

with such entity any compensation received in connection with this retention except as set forth

in the Beaton Declaration.

## APPLICABLE AUTHORITY

22.     To assist the Committee with its statutory rights and duties under section

1103(c) of the Bankruptcy Code, a Committee may retain experts and consultants. *See* 11 U.S.C.

§§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (Apr. 30,

2010) [Dkt. No. 5683] (authorizing the official committee of unsecured creditors to retain a

consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy

Code).

23.     Bankruptcy Rule 2014 requires that an application for retention of a

professional person include:

> [S]pecific facts showing the necessity for the employment, the
> name of the person to be employed, the reasons for the selection,

8

> the professional services to be rendered, any proposed arrangement
> for compensation, and to the best of the applicant's knowledge, all
> of the person's connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a). Local Bankruptcy Rule 2014-1 further requires that "[a]ny entity

seeking approval of a professional person pursuant to . . . 11 U.S.C. § 1103(a) . . . shall file with

the Court a motion, a supporting affidavit or verified statement of the professional person and a

proposed order for approval." Del. Bankr. L.R. 2014-1(a).

24.     Based on the foregoing and as further supported by the Beaton Declaration and

the Committee Declaration, the Committee believes that the retention of A&M and Mr. Beaton to

provide expert witness services is necessary and appropriate, and in the best interests of the

Debtors, their estates and their creditors.

## NOTICE

25.     Notice of the Application will be given to: (i) the Trustee; (ii) counsel to

the Debtors; (iii) counsel to the DIP Lenders and DIP Agent; (iv) counsel to the First Lien Agent,

First Lien Lenders, Foreign Loan Agent, and Foreign Loan Lenders; and (v) the parties

requesting notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or

further notice need be provided.

## NO PREVIOUS REQUEST

26.     No previous request for the relief sought herein has been made by the

Committee to this Court or any other court.

9

DOCS_NY:34030.4

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit D, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: August 10, 2016

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF SFX
ENTERTAINMENT, INC., *ET AL.*

_____
Epic Tents, LLC
By: Daniel G. Nolan, III

Solely in Epic Tents, LLC's capacity as Co-Chair of
the Official Committee of Unsecured Creditors of
SFX Entertainment, Inc., *et al.*

_____
AM Only, LLC
By: Stephanie Morris

Solely in AM Only, LLC's capacity as Co-Chair of
the Official Committee of Unsecured Creditors of
SFX Entertainment, Inc., *et al.*

DOCS_NY:34030.4