# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: TBD**<br>**Obj. Deadline: TBD** |

**SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE DEBTORS TO CLAIMS PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007 AND LOCAL RULE 3007-1**

\*\*\*\*

**Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> and <u>Exhibit B</u> hereto, which contain the grounds for objections pertaining to their claim(s) and the relief being sought by the Debtors.**

**Your substantive rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**

**The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed in <u>Exhibit A</u> and <u>Exhibit B</u> attached hereto.**

\*\*\*\*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby object to (i) certain disallowing and/or modifying claims listed on **Exhibit A** annexed hereto (collectively, the "**Reduced Liability Claims**") and (ii) a duplicate claim listed on **Exhibit B** annexed hereto (the "**Duplicate Claim**"), and file this seventh omnibus, substantive objection (the "**Seventh Omnibus Objection**") to such claims pursuant to sections 105 and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), seeking entry of an order modifying each of the Reduced Liability Claims as set forth in **Exhibit A** and disallowing that portion of the Duplicate Claim as set further forth on **Exhibit B**. In support of this Seventh Omnibus Objection, the Debtors respectfully state as follows:

### Status of the Case

1. On February 1, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On February 12, 2016, an official committee of unsecured creditors (the "**Committee**") was formed in these Chapter 11 Cases [Docket No. 99].

4. No request has been made for the appointment of a trustee or examiner pursuant to section 1104 of the Bankruptcy Code.

## Jurisdiction, Venue and Statutory Predicates

5. The Court has jurisdiction over this Seventh Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief sought herein are sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007 and Local Rule 3007-1.

## Background

### A. General Background

7. The Debtors along with their non-Debtor affiliates (collectively, "**SFX**") are a leading producer of live events and digital entertainment content focused exclusively on electronic music culture. The Debtors commenced material operations in 2012 with the intent of acquiring and operating companies within the electronic dance music ("**EDM**") industry, specifically those engaged in the promotion and production of live music events, festivals and digital offerings attractive to EDM fans in the United States and abroad. Over the next three years, the Debtors acquired a number of leading EDM brands, such as TomorrowWorld, Beatport, Mysteryland, Sensation and Electric Zoo, and expanded operations worldwide.

8. The Debtors and their 120 non-Debtor subsidiaries operate a business that spans the globe, with operations in over 30 countries. The Debtors constitute substantially all of the domestic companies comprising SFX's business as well as select foreign subsidiaries.

9. A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these Chapter 11 Cases, is more fully set forth in the *Declaration of Michael Katzenstein in Support of the Debtors' Chapter 11 Petitions and*

*Requests for First Day Relief* [Docket No. 13] filed on the Petition Date and incorporated herein by reference.

**B. Schedules and Claims Bar Date**

10. On April 13-14, 2016, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (as amended, the "**Schedules**").

11. On April 5, 2016, the Court entered the *Order (A) Fixing Deadlines for Filing Proofs of Claim and (B) Designating Form and Manner of Notice Thereof* [Docket No. 351] (the "**Bar Date Order**"), which established May 17, 2016 (the "**General Bar Date**") as the last date for all creditors, other than governmental units, holding a claim against one or more of the Debtors, and August 1, 2016 (the "**Governmental Bar Date**") as the last date for all governmental units holding a claim against one of the Debtors, to file and serve a written proof of claim for payment of any such claim. Notice of the General Bar Date and the Governmental Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

12. To date, approximately 600 proofs of claims have been filed in these Chapter 11 Cases (together with all other claims on the Debtors' Schedules, the "**Claims**").

13. In the ordinary course of business, the Debtors maintained books and records (collectively, "**Books and Records**") that reflect, among other things, the Debtors' aggregate liabilities and the specific amounts owed to each of their creditors. The Debtors and their professionals have reviewed, and are continuing to review, the Claims and have begun reconciling those Claims with the Debtors' Books and Records. This process includes identifying categories of claims that may be targeted for disallowance, reduction and/or reclassification.

C. **Moreno Plaintiffs' Claim**

14. Prior to the commencement of these Chapter 11 Cases, Paolo Moreno, Gabriel Moreno and Lawrence Vavra (collectively, the "**Moreno Plaintiffs**") commenced an action against SFX Entertainment, Inc. ("**SFXE**"), Robert Sillerman ("**Sillerman**") and Sheldon Finkel ("**Finkel**" and together with SFXE and Sillerman, the "**Defendants**"), captioned *Paolo Moreno et al., v. SFX Entertainment, Inc., et al.*, No. 14-cv-08008-RSWL-CWx (C.D. Cal.) (the "**Civil Case**").

15. The Moreno Plaintiffs asserted that the Defendants wrongfully deprived the Moreno Plaintiffs of an ownership stake in, and control of, the SFXE. Based on these allegations, the complaint asserted causes of action against the Defendants for, among other things, breach of joint venture/partnership agreement, breach of implied joint venture/partnership agreement, breach of fiduciary duty owed to joint ventures/partners, constructive fraud, breach of contract, breach of implied contract, promissory estoppel, fraudulent inducement, promissory fraud, unfair competition, quantum meruit, breach of fiduciary duty owed to principals and interference with prospective economic advantage.

16. In the weeks leading up to the Chapter 11 Cases, the Defendants and the Moreno Plaintiffs entered into that Settlement Agreement and Release, dated as of January 22, 2016, resolving the Civil Case (the "**Settlement Agreement**"). The Settlement Agreement provided for, among other things, settlement payments from SFXE to the Moreno Plaintiffs.

17. Shortly after the Petition Date, on February 11, 2016, the Debtors filed a motion to assume the Settlement Agreement [Docket No. 94].

18. On or about March 24, 2016, the Moreno Plaintiffs filed a proof of claim in these Chapter 11 Cases against SFXE in the amount of $14.0 million, identified as claim no. 84 (the

5

"**Moreno Plaintiffs' Claim**") payments pursuant to the terms of the Settlement Agreement on account of SFXE's unpaid settlement.

19. The motion to assume the Settlement Agreement has been adjourned throughout these Chapter 11 Cases. Moreover, pursuant to the Debtors' joint plan of reorganization (as amended, the "**Plan**") [Docket No. 1078], which has not yet been confirmed, the motion to assume the Settlement Agreement will be deemed withdrawn on the Plan effective date. *See* Plan § 7.01(c).

### Relief Requested

20. By this Seventh Omnibus Objection, and for the reasons stated herein, the Debtors seek entry of an order, pursuant to sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and/or modifying each of the Reduced Liability Claims as set forth in **Exhibit A** and disallowing the Duplicate Claim as further set forth in **Exhibit B**.

### Basis for Relief Requested

**Reduced Liability Claims (Exhibit A)**

21. The Debtors object to each of the Reduced Liability Claims listed on **Exhibit A** attached hereto on the ground that each Reduced Liability Claim asserts an amount that the Debtors were not able to reconcile with their Books and Records.

22. The Debtors and their retained professionals have reviewed and compared the Reduced Liability Claims to the Company's Books and Records, made reasonable efforts to research the Reduced Liability Claims, and determined that each of the Reduced Liability Claims is an erroneously asserted claim against the Debtors. The Debtors thus object to the Reduced Liability Claims on the basis that neither the Company's Books and Records nor the documentation submitted with each of the Reduced Liability Claims suggests that an outstanding

liability exists as asserted by the Reduced Liability Claim. Accordingly, the Reduced Liability Claims should be disallowed in whole or in part as further reflected on **Exhibit A**.

**Duplicate Claim (Exhibit B)**

23.     The Debtors object to a portion of the Duplicate Claim listed on **Exhibit B** on the ground that a portion of the Duplicate Claim is duplicative of the Moreno Plaintiffs' Claim. Specifically, the Duplicate Claim listed on **Exhibit B** was filed by Gabriel Moreno, one of the three Moreno Plaintiffs, and alleges a claim against SFXE for $16,807,500.

24.     While no supporting documentation is provided for the Duplicate Claim, the Debtors believe that $14.0 million of the approximate $16.8 million asserted in the Duplicate Claim represents the same liability for which the Moreno Plaintiffs filed their claim. Accordingly, if $14.0 million of the Duplicate Claim is not formally disallowed, the potential exists for a double recovery by the claimant. *See, e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Given that the Debtors' estates cannot be required to pay on the same claim more than once, the Debtors object to $14.0 million of the Duplicate Claim and seek entry of an order disallowing such amount.[2]

**Reservation of Rights**

25.     The Debtors expressly reserve the right to amend, modify or supplement this Seventh Omnibus Objection and to file additional objections to the Reduced Liability Claims and the Duplicate Claim or to any other proofs of Claim that may be asserted against the Debtors'

---

[2] In light of the pending withdrawal of the motion to assume the Settlement Agreement, this Seventh Omnibus Objection to the Duplicate Claim is without prejudice to the Debtors' and/or the Liquidating Trustee's (as such term is defined in the Plan) right to object on any grounds to either the Duplicate Claim and/or the Moreno Plaintiffs' Claim.

estates. Should one or more of the grounds of objection stated herein be overruled, the Debtors reserve the right to object to the Reduced Liability Claims and the Duplicate Claim on any other ground that bankruptcy or non-bankruptcy law permits.

26. Notwithstanding anything contained herein or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors' estates may have to (i) bring avoidance actions under applicable sections of the Bankruptcy Code, including but not limited to sections 544, 547, and 548 of the Bankruptcy Code, against holders of Claims subject to this Seventh Omnibus Objection or (ii) exercise the Debtors' estates' rights of setoff against the holders of such claims.

## **Compliance with Local Rule 3007-1**

27. The Debtors, by and through their counsel, state that, to the best of their knowledge, information and belief, this Seventh Omnibus Objection and related exhibits comply with the requirements of Local Rule 3007-1. To the extent this Seventh Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that such requirements be waived.

## **Notice**

28. Notice of this Seventh Omnibus Objection has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders and the Ad Hoc Group; (d) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (e) those parties whose claims are listed in **Exhibit A** and **Exhibit B**. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[concluded on following page]*

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully requests that this Court approve the relief requested in this Seventh Omnibus Objection and grant such other and further relief as is just and proper.

Dated: October 10, 2016　　　　　　　　　　GREENBERG TRAURIG, LLP

　　　　　　　　　　　　　　　　　　　　　*/s/ Dennis A. Meloro*
　　　　　　　　　　　　　　　　　　　　　Dennis A. Meloro (DE Bar No. 4435)
　　　　　　　　　　　　　　　　　　　　　The Nemours Building
　　　　　　　　　　　　　　　　　　　　　1007 North Orange Street, Suite 1200
　　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 661-7000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 661-7360
　　　　　　　　　　　　　　　　　　　　　Email: melorod@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　Nancy A. Mitchell (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Maria J. DiConza (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Nathan A. Haynes (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　MetLife Building
　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　New York, NY 10166
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 801-9200
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 801-6400
　　　　　　　　　　　　　　　　　　　　　Email: mitchelln@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　diconzam@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　haynesn@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel to the Debtors and*
　　　　　　　　　　　　　　　　　　　　　*Debtors-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SFX ENTERTAINMENT, INC., *et al.*,[1] | Case No. 16-10238 (MFW) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. _____ |

## ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon the Objection (the "**Seventh Omnibus Objection**")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") seeking entry of an Order disallowing each of (i) the Reduced Liability Claims listed in **Exhibit A** attached hereto and (ii) the Duplicate Claim listed in **Exhibit B** attached hereto; it appearing that this Court has jurisdiction to consider the Seventh Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Seventh Omnibus Objection in this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: 430R Acquisition LLC (7350); Beatport, LLC (1024); Core Productions LLC (3613); EZ Festivals, LLC (2693); Flavorus, Inc. (7119); ID&T/SFX Mysteryland LLC (6459); ID&T/SFX North America LLC (5154); ID&T/SFX Q-Dance LLC (6298); ID&T/SFX Sensation LLC (6460); ID&T/SFX TomorrowWorld LLC (7238); LETMA Acquisition LLC (0452); Made Event, LLC (1127); Michigan JJ Holdings LLC (n/a); SFX Acquisition, LLC (1063); SFX Brazil LLC (0047); SFX Canada Inc. (7070); SFX Development LLC (2102); SFX EDM Holdings Corporation (2460); SFX Entertainment, Inc. (0047); SFX Entertainment International, Inc. (2987); SFX Entertainment International II, Inc. (1998); SFX Intermediate Holdco II LLC (5954); SFX Managing Member Inc. (2428); SFX Marketing LLC (7734); SFX Platform & Sponsorship LLC (9234); SFX Technology Services, Inc. (0402); SFX/AB Live Event Canada, Inc. (6422); SFX/AB Live Event Intermediate Holdco LLC (8004); SFX/AB Live Event LLC (9703); SFX-94 LLC (5884); SFX-Disco Intermediate Holdco LLC (5441); SFX-Disco Operating LLC (5441); SFXE IP LLC (0047); SFX-EMC, Inc. (7765); SFX-Hudson LLC (0047); SFX-IDT N.A. Holding II LLC (4860); SFX-LIC Operating LLC (0950); SFX-IDT N.A. Holding LLC (2428); SFX-Nightlife Operating LLC (4673); SFX-Perryscope LLC (4724); SFX-React Operating LLC (0584); Spring Awakening, LLC (6390); SFXE Netherlands Holdings Coöperatief U.A. (6812); SFXE Netherlands Holdings B.V. (6898). The Debtors' business address is 902 Broadway, 15th Floor, New York, NY 10010.

[2] Capitalized terms not otherwise defined herein shall the meanings ascribed to them in the Seventh Omnibus Objection.

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Seventh Omnibus Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Seventh Omnibus Objection has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Seventh Omnibus Objection; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Seventh Omnibus Objection is GRANTED as set forth herein;

2. Each Reduced Liability Claims as set forth in **Exhibit A** is hereby modified in the amount set forth therein.

3. The Duplicate Claim is hereby modified to be reduced by the amount and in the manner set forth on **Exhibit B**.

4. The claims agent shall amend the claims register maintained in the Chapter 11 Cases to conform to this Order.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2016

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE